# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

|  |  |  |
|---|---|---|
| CHESTER L. WATKINS, | : | Case No. 3:17-cv-00322 |
|  | : |  |
| Plaintiff, | : | District Judge Thomas M. Rose |
|  | : | Magistrate Judge Sharon L. Ovington |
| vs. | : |  |
|  | : |  |
| COMMISSIONER OF THE SOCIAL | : |  |
| SECURITY ADMINISTRATION, | : |  |
|  | : |  |
| Defendant. | : |  |

## REPORT AND RECOMMENDATIONS[1]

In September 2017, Plaintiff filed a *pro se* Complaint in this Court seeking judicial

review of a final decision issued by the Commissioner of the Social Security

Administration. The Commissioner filed a certified copy of the administrative record on

December 29, 2017. Plaintiff did not file a Statement of Errors as required by the

Magistrate Judges' Seventh Amended General Order No. 11. Consequently, the Court

Ordered Plaintiff to Show Cause—not later than March 12, 2018—why his Complaint

should not be dismissed due to his failure to prosecute and due to his failure to file a

Statement of Errors as required by the Magistrate Judges' Seventh Amended General

Order No. 11. (Doc. #8). The Court also provided Plaintiff with an alternative

opportunity to file a Statement of Errors by March 12, 2018. *Id.* Plaintiff has not

responded to the Court's Order to Show Cause.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff has engaged in a clear pattern of delay by not filing a Statement of Errors, by not responding to the Order to Show Cause, and by not taking any action in this case since filing his Complaint. The main effect of Plaintiff's failure to comply with the Court's Order to Show cause is that the record is void of an explanation by Plaintiff for his failure to file a Statement of Errors. Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b); and

2. The case be terminated on the docket of this Court.

March 29, 2018                                          *s/Sharon L. Ovington*
                                                       Sharon L. Ovington
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in "Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to) …." Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).